UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>- against -<br><br>PREVISE, LLC; SELFMADEME, INC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 23-cv-1963<br><br>**COPYRIGHT INFRINGEMENT** |

## COMPLAINT

Plaintiff Tamara Williams for her complaint against Defendants Previse, LLC, SelfMadeMe, Inc. and DOES 1 through 10 inclusive, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendants' acts of infringement complained of herein occurred in the state of New York, Defendants' acts of infringement were directed towards the state of New York, Defendants caused injury to Plaintiff within the state of New York, and one of the Defendants has a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claims occurred.

1

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and citizen of Germany.

6. Defendant Previse, LLC ("Previse") is a Massachusetts limited liability company with a place of business at 198 Bradford Street, Provincetown, MA.

7. Defendant SelfMadeMe, Inc. ("SelfMade") is a Delaware corporation with a principal place of business at 138 Mulberry Street, #3A, New York, NY.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

10. Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams is the sole author and rights holder to seven photograph of various models posing (the "Photographs").

12. Attached hereto as Exhibit A are true and correct copies of the Photographs.

13. Williams registered the Photographs with the United States Copyright Office.

14. Defendant Previse is a health and wellness company that sells vegan beauty products. *See* www.previsecare.com.

15. In order to market and sell its products, Defendant Previse utilizes various social media pages, including a Facebook account and an Instagram account.

16. The social media company Instagram provides business accounts with the ability to use the feature "Instagram Shopping" which allows businesses to market and sell products directly though Instagram posts. *See* www.business.instagram.com/shopping.

17. Defendant SelfMade is a company specializing in digital marketing.

18. On its website, SelfMade touts its ability to grow its client's social media presence "with on-point visuals and copy that align with your target community's social appetite." *See* www.selfmade.co.

19. Williams is informed and believes that Defendant Previse contracted with Defendant SelfMade for its marketing services and allowed Defendant SelfMade to post content to the Previse Facebook and Instagram accounts.

20. Beginning in March 2020, a number of posts began to appear on the Previse Instagram and Facebook accounts utilizing Williams' Photographs to sell various Previse beauty products.

21. Specifically, on or about March 8, 2020, a post appeared on the Previse Facebook page featuring one of Williams' Photographs.

22. On or about March 30, 2020 a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

23. The post also included an "Instagram Shopping" link allowing viewers

to purchase the Previse product "BodyMist Skin Nourishing Body Oil" for $22.00.

24. On or about April 3, 2020, a post appeared on the Previse Facebook page featuring one of Williams' Photographs.

25. Also on April 3, 2020, a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

26. The post also included an "Instagram Shopping" link allowing viewers to purchase the Previse product "Jokipiin Organic Linen Face Cloth" for $24.00.

27. On or about May 27, 2020, a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

28. The post also included an "Instagram Shopping" link allowing viewers to purchase the Previse product "Diagnostic Skin Type 3" for $130.00.

29. On or about December 3, 2020, a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

30. The post also included an "Instagram Shopping" link allowing viewers to purchase the Previse product "Purify Diagnostic Level 6 Cleanser" for $34.00.

31. On or about December 14, 2020, a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

32. The post also included an "Instagram Shopping" link allowing viewers to purchase the Previse product "Purify Botanic Wash Dry & Oily Skin" for $25.00.

33. On or about December 25, 2020, a post appeared on the Previse Facebook page featuring one of Williams' Photographs.

34. Also on December 25, 2020, a post appeared on the Previse Instagram account featuring one of Williams' Photographs.

35. The post also included an "Instagram Shopping" link allowing viewers to purchase the Previse product "Purify Botanic Wash Dry & Oily Skin" for $25.00.

36. Collectively these will be referred to as the Posts.

37. Attached hereto as Exhibit B are true and correct copies of the Posts.

38. Williams is informed and believes that Defendant SelfMade created and uploaded the Posts with authorization from Defendant Previse.

39. Williams never consented to the use of her Photographs on the Previse Instagram and Facebook Posts.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

42. Plaintiff is informed and believes and thereon alleges that said Defendants willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, Defendants knew or should have known that they did not have a legitimate license for the Photographs.

43. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

45. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For a finding that Defendants infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

2. For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant, jointly and severally, in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

3. For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

4. For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

5. For pre judgment interest as permitted by law; and

6. For any other relief the Court deems just and proper.

Dated:     March 7, 2023                    Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
N.Y. Bar # 5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6729 facsimile
*Counsel for Plaintiff*